**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MURIEL D. BURCH, as parent
and next best friend of her children
DARA JONES, a minor; DANA
JONES, a minor; DESEREE JONES,
a minor; and LAYTHATCHER
JONES, a minor,

        Plaintiffs-Appellees,

v.

LA PETITE ACADEMY INC.,
a Delaware corporation,

        Defendant-Appellant,

and

OKLAHOMA COMMISSION FOR
HUMAN SERVICES; OKLAHOMA
DEPARTMENT OF HUMAN
SERVICES,

        Defendants.

No. 99-5057
(D.C. No. 97-CV-898-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs, minor children by and through their mother, Muriel Burch, brought suit against defendants, alleging claims of racial discrimination, intentional infliction of emotional distress, invasion of privacy, and negligent supervision. A jury found for plaintiffs and against defendant La Petite Academy Inc.[2] on claims of racial discrimination pursuant to 42 U.S.C. § 1981, and negligent supervision, and awarded both compensatory and punitive damages. La Petite's appeal is limited to a challenge of the district court 's submission of punitive damages to the jury. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

La Petite contends that there is insufficient evidence supporting liability for punitive damages due to the acts of its employees, citing *Fitzgerald v. Mountain States Tel. & Tel. Co.*, 68 F.3d 1257 (10th Cir. 1995). "Whether sufficient evidence exists to support punitive damages is a question of law reviewed

---

[2] The remaining defendants were dismissed on summary judgment before trial. *See* Appellant's App., Vol. I at 90.

de novo." *Id.* at 1262. After a careful review of the record on appeal, we disagree with defendant's argument. *Fitzgerald* sets out a disjunctive test that can be satisfied upon a showing of any one of four factors, one of which is that "the agent was employed in a managerial capacity and was acting in the scope of employment." *See id.* at 1263. There is sufficient evidence in the record to satisfy this prong.

La Petite also argues, based on recent Supreme Court and Tenth Circuit authority, that it should not be found liable for discriminatory acts of its employees due to its nondiscrimination policy and testimony from its employees that they were aware of such policy. Because we conclude that this evidence does not demonstrate good faith efforts by defendant to educate its employees and enforce a policy prohibiting discrimination, we need not decide whether such efforts would preclude vicarious liability for an employee's discrimination in violation of § 1981, *see EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1248-49 (10th Cir. 1999) (discussing *Kolstad v. American Dental Ass'n*, 119 S. Ct. 2118, 2128-29 (1999)).

La Petite also contends that Oklahoma law does not recognize actions for negligent supervision. We agree with plaintiffs that, because defendant failed to present this legal argument to the district court at any time, it has also failed to preserve it for appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896

(10th Cir. 1992). [3] La Petite further argues that there was no evidence that it acted maliciously and wantonly. Again, we disagree; the record contains sufficient evidence from which a jury could conclude otherwise.

In connection with its challenges to both issues, La Petite also asserts error in the district court 's admission of rebuttal testimony from witness Aneatria Whitley. We review this ruling only for abuse of discretion. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000). "This court in fact endows the district court with 'broad discretion' in deciding whether to admit or exclude rebuttal evidence." *Id.* (further quotation omitted). Our review convinces us that the district court did not abuse its discretion in allowing Ms. Whitley's testimony.

---

[3] La Petite contends that it did object, but a review of the record indicates that these objections were sufficiency of the evidence objections, not the argument based on Oklahoma law that it now presents on appeal.

We conclude that the district court did not err in submitting the issue of punitive damages to the jury in this case. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge